UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

    Plaintiffs,

v.                                              CASE NO: 1:17-cv-23467

CRITICAL PATH CONSTRUCTION
SERVICES, LLC, DAIZA CORRALES, and
ISAAC MARRERO,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

NAUTILUS INSURANCE COMPANY, an Arizona corporation ("Nautilus"), sues CRITICAL PATH CONSTRUCTION SERVICES, LLC ("CPCS"), DAIZA CORRALES, and ISAAC MARRERO, and alleges:

## NATURE OF ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to establish that CPCS is not an insured or additional insured under the policies that Nautilus issued to The BG Group, LLC. And because there is no coverage, Nautilus seeks reimbursement of all of the attorney's fees and costs it incurred to defend CPCS.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). More specifically, Nautilus

issued and delivered two insurance policies to The BG Group, LLC ("BG Group") in this district, and the underlying lawsuit against CPCS is pending in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Nautilus is an Arizona corporation with its principal place of business in Arizona. For purposes of this action, Nautilus issued surplus lines insurance policies to BG Group.

6. CPCS is a limited liability company organized under the laws of Florida. Based on investigation, all of CPCS's members are Florida citizens.

7. Daiza Corrales and Isaac Marrero (collectively "Corrales") are both Florida citizens.

## COMMON ALLEGATIONS

### *DAIZA WAS ALLEGEDLY INJURED BECAUSE OF EXPOSURE TO CARBON MONOXIDE*

8. On October 8, 2016, Corrales sued Marriott South Beach Hotel and CPCS in an action styled *Daiza Corrales and Isaac Corrales v. Critical Path Construction Services, a Florida Limited Liability Company, Marriott Hotel Services, Inc. d/b/a Marriott South Beach,* Case No. 2016-026012 CA 06, in circuit court in Miami-Dade County, Florida (the "Underlying Lawsuit"). A copy is attached as Exhibit "A."

9. In the Underlying Lawsuit, Corrales alleges that on March, 6 2015, Daiza was working at a Starbucks when she was exposed to "poisonous gases or fumes, including but not limited [to] carbon monoxide[.]" (Ex. A, ¶8.)

10. Daiza "was severely injured as a result of exposure to [the] carbon monoxide gas." (Ex. A, ¶13.)

11. In Count I, Corrales sues CPCS for negligence. Corrales alleges that CPCS breached its "duty to use reasonable care" by:

   a. "negligently and carelessly engaging in construction related activities which permitted carbon monoxide gases and fumes to travel from the construction zone into nearby or adjacent areas of the subject premises;"

   b. "failing to provide adequate safety devices to warn … [others], including the [p]laintiff, of the presence of carbon monoxide;"

   c. "performing construction related activities without appropriate methods of ventilating gases and fumes;"

   d. "failing to prevent dangerous gages and fumes to be emitted or leaked into adjacent non-construction zones thereby exposing the public, including the [p]laintiff, to dangerous fumes and gases."

(Ex. A, ¶18.)

12. Corrales did not sue BG Group in the Underlying Lawsuit.

13. BG Group is not mentioned in Corrales' complaint. (Ex. A.)

## *NAUTILUS INSURED BG GROUP UNDER A PRIMARY POLICY*

14. Nautilus issued a policy to "The BG Group, LLC" as the Named Insured, bearing Policy No. ECP2012597-10 (the "Primary Policy").

15. The Primary Policy's principal coverage form, Form No. ECPO1000 10 06, includes Coverage A for general liability and Coverage D for contractors pollution liability subject to these pertinent provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self-insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend

    the insured against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. …

**b.**  This insurance applies to **bodily injury** and **property damage** only if:

  **(1)**  The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; …

**COVERAGE D CONTRACTORS POLLUTION LIABILITY**

**1.**  **Insuring Agreement**

  **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self insured retention, if any, resulting from **pollution conditions** to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. …

  **b.**  This insurance applies to **bodily injury** and **property damage** only if:

    **(1)**  The **bodily injury** or **property damage** is caused by a **pollution condition** that takes place in the **coverage territory** and is caused by an **occurrence**; …

**SECTION III - WHO IS AN INSURED** …

**4.**  Solely with the respect to Coverages **A**, **B** and **D**, your clients, provided a written contract or agreement is in effect between you and the client, and solely with respect to **your work** performed by or on your behalf for that client. Such written contract or agreement must be in effect prior to the **occurrence** giving rise to the claim or **suit** for which the client seeks coverage. Your clients are covered under this policy only for Limits of Liability up to and not exceeding the amount required by the written contract or agreement and subject to the Limits of Liability of this policy. …

**SECTION VII – DEFINITIONS** …

**17.**  **Pollutant(s)** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**18.**  **Pollution Conditions** means the discharge, dispersal, release, seepage, migration, or escape of **pollutants**. …

**26.**  **Your Work**:

  **a.**  Means:

    **(1)**  Work or operations performed by you or on your behalf; and

      **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

  **b.**    Includes:

      **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**, and

      **(2)**    The providing of or failure to provide warnings or instructions.

16. The general liability coverage part, Coverage A, contains these additional insured endorsements: (a) Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement (Form No. BSUM-1200 (11-11); (b) Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization endorsement (Form No. BSUM-1200 (11-11); and (c) Additional Insured – Blanket – Owners, Lessees or Contractors endorsement (Form ENV 2154 A 09 06).

17. For Coverage A, the policy includes this pollution exclusion:

**SECTION II – SHARED EXCLUSIONS** ...

**EXCLUSIONS APPLICABLE TO COVERAGES A AND B.**

This insurance does not apply to:

**1.**    **Pollution**

  **a.**    **Bodily injury**, **property damage** or **personal and advertising injury** which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time.

  **b.**    Any loss, cost or expense arising out of any:

      **(1)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

      **(2)**    Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**. …

## *THE FOLLOW FORM EXCESS POLICY ISSUED TO BG GROUP*

18. Nautilus also issued an excess policy to "The BG Group, LLC" as the Named Insured, bearing Policy No. FFX2012598-10, and effective from 08/31/2014 to 08/31/2015 (the "Excess Policy").

19. The Excess Policy follows form to the Primary Policy. *See* Form ECPO10001006.

20. The Primary Policy and the Excess Policy are collectively referred to as the "Nautilus Policies," which are attached as Composite Exhibit "B."

21. Nautilus defended CPCS in the Underlying Lawsuit under a complete reservation of rights, including the right to seek reimbursement of all of attorney's fees and costs if it never owed coverage.

### COUNT I – CPCS IS NOT ENTITLED TO GENERAL LIABILITY COVERAGE

22. Nautilus incorporates paragraphs 1 through 21.

23. CPCS has the burden to show it is entitled to coverage under BG Group's policy with Nautilus.

24. CPCS is not an insured or additional insured under the general liability coverage part, Coverage A.

25. Nautilus has no duty to defend or indemnify CPCS in the Underlying Lawsuit.

### COUNT II – CPCS IS NOT ENTITLED TO CONTRACTORS POLLUTION LIABILITY COVERAGE

26. Nautilus incorporates paragraphs 1 through 21.

27. CPCS has the burden to show it is entitled to coverage under BG Group's policy with Nautilus.

28. CPCS is not an insured or additional insured under the contractors pollution liability coverage part, Coverage D.

29. Nautilus has no duty to defend or indemnify CPCS in the Underlying Lawsuit.

### COUNT III – ALTERNATIVELY, FOR GENERAL LIABILITY, THE POLLUTION EXCLUSION APPLIES

30. Nautilus incorporates paragraphs 1 through 21.

31. The Underlying Lawsuit alleges injuries caused by carbon monoxide exposure, which is a pollutant and is excluded from coverage under the pollution exclusion in Coverage A.

32. Nautilus has no duty to defend or indemnify CPCS in the Underlying Lawsuit.

### REQUESTED RELIEF

**WHEREFORE,** Nautilus respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Declare that CPCS has the burden of proving that it is entitled to coverage under the Nautilus Policies.

c. Declare that CPCS does not qualify as an insured or additional insured under the Nautilus Policies;

d. Declare that under the general liability coverage part, CPCS is not entitled to coverage based on the pollution exclusion;

e. Declare that Nautilus has no obligation to defend or indemnify CPCS for the Underlying Lawsuit under the Nautilus Policies;

f. Award Nautilus from CPCS all attorney's fees, costs, and expenses it incurred to defend CPCS in the Underlying Lawsuit; and

g. Award Nautilus all costs it incurred to prosecute this action.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/SINA BAHADORAN
SINA BAHADORAN
Florida Bar No. 523364
sbahadoran@hinshalaw.com
JUNAID N. SAVANI
Florida Bar No. 88816
jsavani@hinshawlaw.com
2525 Ponce de Leon Blvd.
4th Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063